```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                            06 Civ. 13020 (WCC)
CORY ECKSTEIN PERELMAN by his parents    :
and natural guardians SUSAN N. ECKSTEIN
PERELMAN and ROBERT N. PERELMAN, M.D.,   :    ECF CASE
SUSAN N. ECKSTEIN PERELMAN and ROBERT
N. PERELMAN, M.D., individually,         :

                                         :
                    Plaintiffs,
                                         :
        - against -                      :    OPINION
                                              AND ORDER
CAMP ANDROSCOGGIN JR.-SR., INC.,         :

                    Defendant.           :
- - - - - - - - - - - - - - - - - - - - - X
```

**APPEARANCES:**

        WEISFUSE & WEISFUSE, LLP
        **Attorneys for Plaintiffs**
        420 Lexington Avenue, Suite 2328
        New York, New York 10170

MARTIN H. WEISFUSE, ESQ.

    Of Counsel

        HAVKINS ROSENFELD RITZERT
          & VARRIALE, LLP
        **Attorneys for Defendant**
        Eleven Penn Plaza, Suite 2101
        New York, New York 10001

GREGG S. SCHARAGA, ESQ.

    Of Counsel

**Copies E-Mailed to Counsel of Record**

**Conner, Senior D.J.:**

Plaintiffs Cory Eckstein Perelman ("Cory"), by his parents and natural guardians Susan N. Eckstein Perelman and Robert N. Perelman, and Susan N. Eckstein Perelman and Robert N. Perelman, individually (collectively, "plaintiffs") bring suit against Camp Androscoggin Jr.-Sr., Inc. ("defendant" or "Camp Androscoggin") for negligence. Cory was a camper at Camp Androscoggin when he was seriously injured in a swimming accident. Plaintiffs allege that defendant negligently allowed Cory and other campers to swim in unsafe water and failed to properly supervise them. Plaintiffs now move, pursuant to FED. R. CIV. P. 39(b) and 81(c), for leave to file a jury demand. For the following reasons, the motion is granted.

## BACKGROUND

Cory, age fourteen, was a camper at Camp Androscoggin in the summer of 2006. (Complt. ¶¶ 1, 7.) Camp Androscoggin is located in Wayne, Maine. (*Id.* ¶ 3.) On July 31, 2006, the campers took a trip to Tubby's restaurant, which is located next to Mill Pond in Wayne. (*Id.* ¶¶ 7, 9.) When the group arrived at Tubby's, the counselors allowed Cory and the other campers to swim in Mill Pond. The Wayne Village Dam (the "Dam") is located at one end of Mill pond, and at the time in question, there was water flowing from the pond over the Dam, creating a strong current near the Dam. (*Id.* ¶¶ 10, 12-13.) While Cory was swimming, the current swept him over the Dam, and in the resulting fall he suffered serious physical injuries. (*Id.* ¶ 21.) Plaintiffs allege that defendant knew or should have known that there had been several incidents of swimmers in Mill Pond being swept over the Dam prior to Cory's injury; that defendant knew or should have known that water from Mill Pond was flowing over the Dam, creating strong currents and making it dangerous to swim

near the Dam; that defendant failed to warn the campers not to swim near the Dam and that defendant failed to supervise the campers while they were swimming. (*Id.* ¶¶ 13-15, 18, 20.)

Plaintiffs brought suit in New York Supreme Court, Westchester County, on October 11, 2006; defendant filed a Notice of Removal on November 9, 2006. The case was originally assigned to the Honorable Stephen C. Robinson and then reassigned to this Court on September 24, 2007. Plaintiffs did not make a jury demand in state court before the removal; they filed a motion for leave to do so in this Court on November 6, 2007.

## DISCUSSION

Rule 38(b) provides that a party may demand a jury trial by "(1) serving the other parties with a written demand – which may be included in a pleading – no later than 10 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." A party that fails to comply with the requirements of Rule 38(b) waives his right to a jury trial, FED. R. CIV. P 38(d), and there is no dispute here that plaintiffs' demand was untimely. Rule 39(b), however, allows a court, on motion, to order a jury trial on any issue for which a jury might have been demanded, even if a demand was not properly made.

Rule 81(c)(3) governs jury demands in removed cases, and it covers three situations. If, before removal, a party demanded a jury trial in accordance with state law, that party need not renew the demand in the federal court. FED. R. CIV. P. 81(c)(3)(A). If applicable state law does not require an express jury demand, then a party need not make one after removal unless ordered by the court to do so within a specified period of time. *Id.* Finally, if all necessary pleadings were served before removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand

2

within ten days of filing a notice of removal or being served with a notice of removal filed by another party. *Id.* (c)(3)(B).

However, it is unclear how Rule 81(c)(3) applies to cases originating in New York Supreme Court. It is well recognized in this circuit that the practice of making a jury demand in New York courts "falls within a gray area not covered by Rule 81(c)." *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 391 (2d Cir. 1983); *see also Thompson v. Beth Isr. Med. Ctr.*, 1998 U.S. Dist. LEXIS 15521, at *3-4 (S.D.N.Y. Oct. 2, 1998); *Reliance Elec. Co. v. Exxon Capital Corp.*, 932 F. Supp. 101, 102 (S.D.N.Y. 1996). N.Y. C.P.L.R. § 4102(a) provides that a party may demand a jury trial by including the demand in a note of issue. The note of issue is "a notice of trial readiness that can not be filed before the conclusion of discovery." *CPH Int'l, Inc. v. Phoenix Assurance Co.*, 1993 U.S. Dist. LEXIS 16577, at *4 (S.D.N.Y. Nov. 24, 1993); *see* N.Y. COMP. CODES R. & REGS. tit. 22 § 202.21 (2007). Thus, under New York law, a jury demand may be made much later in the litigation than is allowed under the Federal Rules of Civil Procedure, but it does not make a demand unnecessary. *CPH Int'l*, 1993 U.S. Dist. LEXIS 16577, at *4. Moreover, "unless undue prejudice would result, [New York] courts have broad discretion to grant a request for a jury trial that is filed even after the note of issue is filed." *Sinnott v. NCR Corp.*, 1992 WL 142050, at *1 (S.D.N.Y. June 10, 1992) (Conner, J.); *see* N.Y. C.P.L.R. § 4102(e). The Second Circuit has instructed that this discretionary standard should be read into Rule 81. *See Higgins v. Boeing Co.*, 526 F.2d 1004, 1007 (2d Cir. 1975); *see also Reliance Elec.*, 932 F. Supp. at 103; *Sinnott*, 1992 WL 142050 at *2.

Defendant relies on *Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 70 (2d Cir. 1967), which held that "mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)" and that "the area open to the judge's discretion has shrunk

3

to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief." *Noonan*, however, was a case originally filed in federal court, *id.* at 69-70, and subsequent developments in the decisional law of this circuit have made clear that *Noonan* "has very limited application in the context of cases removed from state court." *Sinnott*, 1992 WL 142050 at *2. The Second Circuit, though not overruling *Noonan*, limited it thus:

> Although not mentioned as a basis of the decision, the plaintiff who neglected to ask for a jury trial in *Noonan* had chosen to file the suit in federal court. In that setting, it would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide by the procedures followed there. . . . Although we may not overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some "play in the joints" for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him. In removed cases, the argument for applying the rigid *Noonan* constraints on the district court's discretion is simply not as strong.

*Cascone*, 702 F.2d at 392. The result is that, although *Noonan* remains good law,[1] *see id.* at 393, its "strict general standard does not apply to cases that have been removed from state court." *Thompson*, 1998 U.S. Dist. LEXIS 15521, at *4; *see also Avne Sys., Ltd. v. Marketsource Corp.*, 191 F.R.D. 56, 57 (S.D.N.Y. 2000) ("[I]n the case of removed actions greater leniency is accorded so as to take account of the vagaries of state practice and the unfamiliarity of many state court practitioners with federal practice."); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. L.E. Myers Co. Group*, 928 F. Supp. 394, 397 (S.D.N.Y. 1996). Therefore, the fact that inadvertence is the only apparent explanation for the untimeliness of plaintiffs' demand does not end our inquiry.

In deciding whether to grant an untimely jury demand, courts in this circuit apply a three-part test, considering: (1) whether the case is of a type ordinarily tried to a jury; (2) whether the parties

---

[1] The Second Circuit recently cited *Noonan* in affirming the denial of a motion to file an untimely jury demand in a case originally brought in federal court. *See Westchester Day Sch. v. Vill. of Mamaroneck*, 504 F.3d 338, 357 (2d Cir. 2007).

have been operating under the assumption that there would be a bench trial; and (3) whether the non-moving party consents to the demand and, if not, whether that party would be unduly prejudiced if the court were to grant a jury trial. *See Nat'l Union Fire Ins.*, 928 F. Supp. at 397 (citing *Higgins*, 526 F.2d at 1007).

Application of the first factor is straightforward and favors plaintiffs: this is a personal injury case, and such cases are usually tried before juries. *See Cascone*, 702 F.2d at 392; *Higgins*, 526 F.2d at 1007; *Sinnott*, 1992 WL 142050 at *2.

The effect of the second factor is neutral. Defendant could, theoretically, have been operating under the assumption that there would be a bench trial until October 26, 2007, when it received plaintiffs' demand for a jury trial.[2] (*See* Def. Aff'm Opp. Mot. For Jury Trial ¶ 5.) But defendant does not claim to have made that assumption or to have taken any actions that would indicate it had done so. Therefore, this factor does not inform the inquiry.

The third factor, the possibility of undue prejudice, weighs in favor of granting the motion. Defendant asserts that it would be prejudiced by allowing a jury demand at this point, but it does not explain how or why. (*See id.* ¶ 12.) Courts have denied motions to make an untimely jury demand where the opposing party has offered a compelling and specific explanation as to how a jury trial would be prejudicial; such explanations usually involve actions counsel did or did not take based on the assumption there would be a bench trial. *See, e.g.*, *Espinosa v. Van Dorn Plastic Mach. Co.*, 813 F. Supp. 252, 254 (S.D.N.Y. 1993) (opposing counsel decided not to hire a certain kind of expert

---

[2] Any assumption made or persisted in between that time and the present would have been unjustified, and therefore not something the Court would weigh in defendant's favor, since it would necessarily have entailed the assumption that the Court would decide this motion in defendant's favor.

5

witness); *Richards v. Procter & Gamble Mfg. Co.*, 753 F. Supp. 71, 73 (E.D.N.Y. 1991) (opposing counsel did not depose certain witnesses or retain an expert); *Elgarhi v. Dreis & Krump Mfg. Co.*, 131 F.R.D. 429, 430-431 (S.D.N.Y. 1990) (opposing counsel offered detailed affidavits explaining the ways in which they relied on the assumption of a bench trial, including "abbreviated deposition" of a plaintiff, extensiveness of trial exhibits and decision not to hire an expert witness).

What these and other cases denying late jury demands have in common is that the opposing party went "beyond mere conclusory affirmations of prejudice." *Elghari*, 131 F.R.D. at 430. Where, as here, a party fails to provide "any substantiation of how it has done anything differently or how it will be prejudiced," a court may properly grant leave to make an untimely demand. *Unger v. Cunard Line, Inc.*, 100 F.R.D. 472, 473-74 (S.D.N.Y. 1984); *see also Nat'l Union Fire Ins.*, 928 F. Supp. at 398; *CPH Int'l*, 1993 U.S. Dist. LEXIS 16577, at *6-7 (granting the plaintiff's motion to file untimely demand where the defendant had "not identified any action that it undertook or failed to undertake" based on its assumption that there would be a bench trial).

Defendant relies on *Sloan v. Delta Air Lines, Inc.*, 1996 U.S. Dist. LEXIS 6604 (S.D.N.Y. May 16, 1996), a removed case in which the plaintiff failed to file a jury demand until shortly before the close of discovery. The court denied plaintiff's motion for leave to file an untimely demand, acknowledging that "[t]he defendants' articulation of their prejudice is so slight that it would ordinarily be an insufficient basis for denying the plaintiffs' request for a jury," but holding that, since "the plaintiffs have waited until discovery is virtually complete to press their request . . . the defendants' claim of prejudice is sufficient." *Id.* at *6. The only indication of possible prejudice was the defendants' contention, offered "without elaboration, that the defendants conducted plaintiffs' depositions and selected their own medical expert under the belief that the case would not be tried

6

before a jury." *Id.* at *5.

Although this case, like *Sloan*, involves an untimely jury demand made near the close of discovery,[3] *Sloan* is distinguishable. As "slight" as the defendants' showing of potential prejudice was in *Sloan*, it was still more specific than that of defendant here. The defendants in *Sloan* at least made a plausible (though somewhat vague) claim to have done certain things on the assumption that there would be a bench trial, and that they would have done things differently to prepare for a jury trial. Defendant here has not informed the Court of anything it would have done differently if it had known all along there would be a jury trial; nor has it suggested a single way in which a jury trial would be unduly prejudicial. To the extent *Sloan* suggests that in some circumstances a pro forma, unspecified assertion of prejudice is sufficient to defeat a motion to file an untimely jury demand, we simply disagree. If an unsupported assertion were enough, the party opposing a Rule 39(b) motion would be guaranteed to have the issue of prejudice decided in his favor simply by saying the magic word. The prejudice factor would effectively be written out of the test. We do not believe that is the result the Second Circuit had in mind when it instructed district courts to consider the possibility of prejudice. *See Higgins*, 526 F.2d at 1007. After all, the *Higgins* court considered whether there was an actual possibility of prejudice, not whether the opposing party had alleged it. *See id.*

---

[3] Defendant received plaintiffs' Notice of Jury Demand on October 26, 2007. On October 31, counsel for both parties informed the Court that fact discovery was complete and that expert-witness discovery was still ongoing. At a pre-trial conference held on November 19, which was the discovery cut-off date, counsel asked the Court if it would object to Magistrate Judge Lisa M. Smith's extending discovery thirty days. The Court informed counsel that it had no objection.

7

## CONCLUSION

For all of the foregoing reasons, plaintiffs' motion for leave to file a jury demand is granted.

SO ORDERED.

Dated: White Plains, New York
       January 22, 2008

                                                             *William C. Conner*
                                                         Sr. United States District Judge